## MARY KING ELLIOTT ET AL. *vs.* HARRIET ELLIOTT VAN ELSS ET AL.

### *Construction of Will—"Descendant."*

Although in parts of a will testator differentiated between his children and descendants, *held* that, in declaring a trust as to the part of his estate set apart for any "descendant" as a result of the death of a beneficiary without issue, he intended to include parts set apart to his children as well as those set apart to more remote descendants.

*Decided February 12th, 1925.*

Appeal from the Circuit Court of Baltimore City (STEIN, J.).

Bill by Mary King Elliott and Helen de Giskra against Harriett Elliott Van Elss and others for the construction of a will. From the decree rendered, plaintiffs appeal. Affirmed.

The cause was argued before BOND, C. J., PATTISON, URNER, ADKINS. OFFUTT, DIGGES, PARKE, and WALSH, JJ.

*D. K. Este Fisher,* for the appellants.

*George Weems Williams,* with whom were *Frank Gosnell* and *Marbury, Gosnell & Williams* on the brief, for the appellees.

ADKINS, J., delivered the opinion of the Court.

John King died on March 17th, 1897, leaving a widow and two daughters and a son, who constituted his family at the time he made his will. The son died without issue and intestate on January 28th, 1901, and the widow on March 5th, 1922.

By his will, after disposing of his furniture and other household goods, and of certain real estate in Indiana, Ohio and New York, he devised and bequeathed the rest of his estate as follows:

"Fifth: All the rest, residue and remainder of my estate whether real, personal or mixed, and wherever situated of which I shall die possessed, or to which I may be in any way entitled at the time of my death (including the proceeds of the sale of real estate in the State of New York, if any) I hereby devise and bequeath unto the Safe Deposit & Trust Company of Baltimore, Maryland, a corporation organized and existing under the laws of the State of Maryland; to have and to hold the same, in trust nevertheless, for the use and benefit severally of my said wife and of my daughter, Mary Virginia, wife of Ralph Elliott, of Savannah, Georgia, and of my daughter, Helen King, and of my son, Jackson King, or of such of them as survive me, and of the descendants of my said children, in the share, for the periods and upon the trusts and conditions below set forth, namely:

"1. I hereby direct that the said trustee shall set apart one equal half part of my said residuary estate as the same shall come to its hands, as the portion of my said wife, and then shall hold the same in trust for the use and benefit of my wife during her life, paying over to her the net income derived therefrom, quarterly or oftener, as long as she lives. If my said wife should not survive me, then I direct that the whole of my said residuary estate shall go as is next hereafter provided as to the other half part thereof.

"2. I direct that the said trustee shall then divide the other equal half part of my said residuary estate (or the whole thereof if my said wife do not survive me) and also the proceeds of the sale of my Ohio real estate as the same shall come to its hands into as many equal shares as there shall then be of my said children who have survived me, or who have died before me leaving lawful descendants who have survived me; and shall set apart one of such shares, as the share

of each of my said children me surviving and one of such shares as the share collectively of the descendants of either of my children who shall have died before me leaving descendants me surviving.

"I further direct that the said trustee shall then subdivide any share so set apart as the share of the descendants of any deceased child, into as many parts as there shall then be of such descendants and shall set apart one of such parts as the part of each such descendant, making such subdivision and setting apart the said parts so that the parts received by all the children of any deceased parent shall together equal the share or part of a share which their parent would have received if then living.

"Each of the shares and parts of a share, so set apart, shall be then held separately and applied as is hereinafter directed.

"3. I further direct that the said trustee upon the death of my said wife shall divide the portion of my residuary estate theretofore held in trust for her into as many equal shares as there shall then be of my said children who have survived my wife or who have died before her leaving descendants who have survived my wife; and shall set apart one of such shares as the share of each of the children then surviving and one of such shares as the share collectively of the descendants of either of my children who shall have died leaving descendants surviving my wife, and shall then subdivide any share so set apart as the share of the descendants of any deceased child into as many parts as there shall then be of such descendants, and set apart one of such parts as the part of each such descendant; making such subdivision and setting apart the said parts so that the parts received by all the children of any deceased parent shall together equal the share or part of a share which their parent would have received if then living.

"The shares and parts of a share so set apart shall then be held and applied as is hereinafter directed.

"4. I direct that the said trustee shall hold any share or part set apart under the foregoing provi-

sions, of this will as the share of either of my children, or of any descendants of a child, in trust for the use and benefit of the child or descendant for whom it was set apart, during his or her life, paying over during the minority of such child or descendants the net income of such share or part or so much thereof as may be needed for his or her suitable support and education, to his or her guardian, quarterly, and accumulating any surplus and adding the same to the principal of the share or part from which it was derived; and after the majority of such child or descendant paying the whole net income of the share or part and its accumulations quarterly or oftener, to the said child or descendant as his or her own property absolutely, as long as he or she shall live.

"If such child be a daughter the sums so paid to her shall be paid upon her own receipt, and shall be taken and held by her free from any control of any husband whom she may have.

"5. I further direct that upon the death of either of my said children or of either of their descendants for whose benefit a share or shares or a part or parts of a share shall be then held under any of the provisions of this will, then if the one so dying leave any lawful descendant or descendants him or her surviving, the said trustee shall divide each of the share or parts of a share then held in trust for the one so dying with its accumulations if any into as many parts as there shall be of such descendants and set apart one of such parts as the part of a share of each of such descendant, making such division and setting apart the said parts so that the parts received by all the children of any deceased parent shall together equal the part of a share which their parent would have received if then living. In case the part of a share so as last aforesaid set apart for any descendant shall be a portion of the share or part which came to my child or descendant so dying originally and under the second subdivision of this Fifth Article of this will, I direct that if the person for whom such part has been so set apart shall have been living at the time of my

death then the part of a share so set apart for him
or her, shall still be held in trust by the said trustee
and for the use and benefit of the one for whom it was
so set apart during his or her life, paying during the
minority of such descendant, the net income of such
part or so much thereof as may be needed for his or
her suitable support and education, to his or her guar-
dian quarterly, and accumulating any surplus and add-
ing it to the principal of the part from which it was
derived; and after the majority of such descendant·
paying the whole net income of the part and its accu-
mulations quarterly or oftener to the said descendant
as his or her own property absolutely, as long as he
or she shall live. If such descendant be a female,
the sums so. paid to her shall be paid on her own
receipt and shall be taken and held by her free from
any control of any husband whom she may have.

"In case, however, that the part so set apart as last
aforesaid shall not be a portion of the share or part
which came to my child or descendant so dying origi-
nally and under the said second subdivision, or in case
the one for whom such part was so set aside was not
living at the time of my death, then and in either
such case, I direct that each of the parts set aside as
provided in this subdivision of this article of my will,
shall be held in trust for the use and benefit of the
one for whom it was so set apart in the manner and
for the periods, respectively, last above provided, but
only if the survivor of my said two daughters shall
then continue in life, and that if neither of such
daughters be then living and in any event upon the
death of the survivor of my said daughters, the trust as
to each of the last named parts of a share, shall then
cease and the principal and accumulations thereof be
paid over to the one for whom it was set apart as his
or her own property absolutely.

"6. I further direct that upon the death of either of
my said children or of either of their descendants for
whose benefit a share or shares or a part or parts of a
share shall be then held under any of the provisions
of this will, then if the one so dying leave no descend-

ants him or her surviving, but leave one or more broth-
ers or sisters him surviving the said trustee shall
divide the share or shares or part or parts of a share
then held in trust for the one so dying into as many
parts as he or she shall leave brothers or sisters him
or her surviving or brothers or sisters who have pre-
viously died leaving descendants then living and shall
set apart one of such parts as the part of each of such
surviving brothers or sisters and one as the part col-
lectively of the descendants of each brother or sister
who shall have died leaving descendants as last afore-
said; and shall then subdivide any part so set apart
as the part of such descendants into as many parts as
there shall then be of such descendants and set apart
one of such parts, as the part of each such descend-
ants, making the said subdivision and setting apart
the said parts so that the parts received by all the
children of any deceased parent shall together equal
the part which their parent would have received if
then living. So far as the part of a share so as last
aforesaid set apart for any descendant shall be a por-
tion of the share or part which came to my child
or descendant so dying originally and under the sec-
ond subdivision of this Fifth Article of this will, I
direct that if the person for whom such part has been
so set apart shall have been living at the time of my
death, then the part of a share so set apart for him or
her shall still be held in trust by the said trustee and
for the use and benefit of one for whom it was so set
apart, during his or her life, paying during the mi-
nority of such descendant the net income of such
part or so much thereof as shall be necessary for his
or her suitable support and education, to his or her
guardian quarterly, and accumulating any surplus
and adding the same to the principal of the part from
which it was derived, and after the majority of such
descendant paying the whole net income of the part
and its accumulations quarterly or oftener to such
descendant as his or her own property absolutely, as
long as he or she shall live. If such descendant be a
female the sums so paid to her shall be paid on her

own receipt and shall be taken and held by her free from the control of any husband she may have.

"In case however the part so set apart as last aforesaid shall not be a portion of the share or part which came to my child or descendant so dying originally and under the said second subdivision or in case the one for whom such part was so set aside were not living at the time of my death; then and in either such case I direct that each of the parts set aside as provided in this subdivision of my will shall be held in trust for the use and benefit of the one for whom it was so set apart in the manner and for the periods respectively last above provided but only if the survivor of my said two daughters shall then continue in life, and that if neither of such daughters be then living and in any event upon the death of the survivor of my said daughters, the trust as to each of the last named parts of a share shall cease and the principal and accumulations thereof be paid over to the one for whom it was set apart as his or her own property absolutely.

"7. I further direct that upon the death of either of my said children or of their descendants for whose benefit a share or shares or part or parts of a share be then held under any of the provisions of this will, if the one so dying shall neither leave descendants him or her surviving nor any brothers or sisters or descendants of a deceased brother or sister him or her surviving, then the share or shares or part or parts of a share, theretofore held for the benefit of the one so dying shall if my wife be then living, be added to the share of my residuary estate then held in trust for my said wife to be held, used and applied as is directed in the first and third subdivisions of this Fifth Article of my Will. But if my said wife be not then living, the said share or shares or part or parts of a share shall then go and be paid over to such persons as would then constitute the next of kin of myself under the laws of the State of Maryland, if I were then living, and in such shares as the same would have gone under

the said laws if I had then died intestate owning the property constituting such share or part absolutely.

"8.　If none of my children or their descendants shall survive my said wife then I direct that the share or shares of my residuary estate held in trust under the provisions of this Will for the benefit of my wife up to the time of her death shall go to as my said wife shall by her Last Will and Testament direct or appoint."

By the sixth item he gave the trustee power to sell and to invest and re-invest; by the seventh he expressed his desire that his wife should be the guardian of his minor children; by the eighth he directed that the provision made for his wife should be in lieu of dower and all other rights; and "lastly" he appointed the Safe Deposit and Trust Company of Baltimore, executor.

By two codicils subsequently made he revoked the items of the will relating to the Indiana and Ohio real estate, which he had sold in the meantime, and to the New York real estate, which he directed should become a part of his residuary estate; and provided as follows in reference to the guardianship of his son.

"Second:　In case my wife, Mary F. King, shall die before me, I hereby nominate and appoint Charles W. Philputt guardian of the person and estate of my son, Jackson King, and inasmuch as my said son is in feeble and uncertain health and unable to have the care and responsibility of business and I wish him to be relieved from all such care, I desire that the said Charles W. Philputt shall have the care and charge of my said son and his affairs even after he arrives at twenty-one years of age and request The Safe Deposit & Trust Company of Baltimore, Maryland, the executor and trustee under my Will, in every way possible to effectuate and carry out my said desire, and in pursuance thereof, to pay over to the said Charles W. Philputt as guardian of my said son, the income which shall be payable to my said son under the trusts created by my said Will."

The bill of complaint in this case was filed by the two surviving daughters against their children and the Safe Deposit and Trust Company of Baltimore, executor and trustee under the will of John King, deceased, and as administrator of Jackson King, the deceased son of the testator.

The prayer of the bill is:

"Second: That this Honorable Court may construe the said last will and testament and by its decree declare that your Oratrices are, in equal shares, entitled, absolutely and free from all the trusts and limitations in said last will and testament, to the share of said trust estate which was held by the said trustee, during the life of said Jackson King, for his benefit, and order that the said share be delivered over to your Oratrices accordingly, the said share being one-sixth of the whole estate.

"Third: That there may be a partition of the said trust estate so as to allot and deliver to your Oratrices their respective shares thereof.

"Fourth: That if it shall appear as alleged that the said trust estate cannot be divided without loss or injury to any of the parties interested, then and in that event that there may be a sale of all, or so much of the said trust estate as may be necessary, and a division of the proceeds of sale among the parties entitled according to their respective rights, in order that your Oratrices may receive their said shares, and that the same may be paid and delivered to them.

"Fifth: That your Oratrices may have such further and other relief as their case may require."

The answers of all the defendants deny plaintiff's contention that they are entitled, absolutely and free of all trusts, to the share of the trust estate which was held by the trustee for the benefit of Jackson King; but unite with plaintiffs in the request that the court construe the will.

The question in this case arises under the sixth subdivision of the fifth item of the will. It is contended with great force by plaintiffs that it is clearly provided that the parts set apart by this sub-division for *descendants* shall be held

in trust for them; but that there is no direction that parts set apart for brothers or sisters of a *child* of the testator shall be held in trust; that through all the items of the will the testator differentiates between his children and more remote issue by using the word *child* or *children* in the one case, and *descendants* in the other; that so far as it had any reference to the surviving *children,* the sixth sub-division ends with the setting apart of the parts for them, and that the parts so allotted are absolute gifts to them, there being nothing to indicate that testator intended to impress a trust upon such parts; that the remaining part of the sub-division in which the trust is declared expressly refers to *"descendants,"* the language being: "So far as the part of a share so as last aforesaid set apart for any *descendant,"* etc.; that there is no trust declared in any other part of the will with reference to children of the testator which could apply, the only trust declared which affects children of the testator, or what they get under the will, being that in the fourth sub-division of the fifth item, which applies only to shares directed to be set off to them in the preceding second and third sub-division, the declaration in said fourth item being that the trustee: "shall hold any share or part set apart under the *foregoing* provisions of the will as the share of either of my children or of any descendants of a child in trust for the use and benefit of the child or descendant for whom it was set apart, during his or her life, etc."

It is impossible to dismiss lightly the exceedingly logical and cogent argument of the solicitor for plaintiffs in which the particular section in question and other relevant sections of the will are analyzed.

But it is not entirely clear that the word "descendant" was intended to mean issue more remote than children, in the section referred to. Literally, "descendants" include "children," and except for the differentiation in the use of these words in other parts of the will, it would not be difficult to give "descendant" in that section the inclusive meaning.

We think a solution of the whole difficulty may be found in the word "originally" in sub-division five. There the tes-

tator is dealing with the contingency of the death of "either of my said children or of either of their descendants for whose benefit a share or shares or a part or parts of a share shall be then held under *any* of the provisions of this will," leaving issue, and providing for the devolution to the descendants of the interest of the one so dying. And in providing for such devolution he continues the trust in *every case.* But in fixing the duration of the trust, he differentiates between the part which is "a portion of the share or part which came to my child or descendants so dying *originally* and under the second sub-division of this fifth article of this will," and the part which did not come that way.

Now here he is unquestionably considering *children* as well as other descendants. And he is talking about the devolution of interests which already are held in trust.

"In case, however, that the part so set apart as aforesaid shall not be a portion of the share or part which came to my child or descendant so dying *originally* and under the said second sub-division, etc. * * *"

The testator must have had the understanding that there might be other parts held in trust for his children than those which were to come "originally." And the only way such other parts could come to any child was under said sub-division six.

It therefore seems to follow that he intended the part or parts which might come to a child or children under this sub-division to be held in trust.

However, it is not necessary, and we do not desire, to rest our conclusion in this case mainly on the deduction we have drawn from the expression above referred to.

In considering the language used in the will, we do not find that the words "part of a share," in the expression, "so far as the part of a share so as last aforesaid set apart," etc., throw any light on the situation. It seems clear that "part of a share" in this connection refers merely to part of the interest to be distributed. Nor is much help to be derived from a consideration of the use of the words "child" and

"descendants" in other parts of the will, because they are generally used together and for the purpose of differentiation where it is necessary to distinguish between testator's children and the children of deceased children; or separately, as one or the other may be necessary or apt; and when appropriate the word "descendants" is used alone comprehensively and to include children. Indeed in this very sixth sub-division, in the expression "if the one so dying leave no descendants," the word "descendants" includes children, and all through the first part of this sub-division the word "descendants" is used to include children of a deceased brother or sister. In the part of this sub-division under consideration there is no occasion for differentiation, the only question being whose descendant is referred to in the expression, "so far as the part of a share so as last aforesaid set apart for any descendant," etc. Is it the descendant of the testator or that of a deceased brother or sister of a child dying without issue? If the latter, it would certainly include a child of said brother or sister.

We think "any descendant" of the testator is meant, and that in such case likewise "descendant" is intended to include a child.

This construction is in accord with the general intent we have found in a careful consideration of the will as a whole. The purpose throughout is manifest to extend the trust as to the entire residuary estate to the utmost limit of the law. Under the construction contended for by appellants, if the daughters had died without issue and the invalid son had survived them and their mother, this son, whom the testator was so solicitous to protect from all business cares, would have taken two-thirds of the residuary estate free and clear of the trust. Is it at all probable that the testator intended, or that the careful draftsman of the will overlooked, such a possibility?

But it is suggested in argument by the solicitor for appellants that testator, having by the trust safeguarded the original interests of his children, might well have intended to leave unprotected such part of the estate as should come

to any of them by reason of the death of others without issue. But if that was his purpose why did he distinguish in this respect between his children and his more remote descendants, all of whom were made beneficiaries of the trust estate? It could not have been because of any special confidence in the business capacity of his children, because be knew his son was without such capacity, and he was careful to provide even as to income against the control of any husbands the daughters might have.

The decree appealed from will be affirmed.

*Decree affirmed, costs to be paid out of the estate.*